# 11-2531-CV

IN THE

## United States Court of Appeals

FOR THE SECOND CIRCUIT



ANAND DASRATH,

*Plaintiff-Appellant,*

v.

ROSS UNIVERSITY SCHOOL OF MEDICINE,

*Defendant-Appellee.*

―――――――――

*On Appeal from the United States District Court
for the Eastern District of New York (Brooklyn)*

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

COSTELLO & COSTELLO, P.C.
*Attorneys for Plaintiff-Appellant*

ARNOLD E. DIJOSEPH, P.C.
*Appellate Counsel*
50 Broadway, Suite 1601
New York, New York 10004
212-344-7858

*Of Counsel:*

Arnold E. DiJoseph

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... ii

REPLY BRIEF FOR PLAINTIFF-APPELLANT ................................................. 1

CONCLUSION

    Based on the foregoing as well as the arguments and authorities contained in his main brief, Plaintiff Anand Dasrath respectfully requests that the judgment appealed from be reversed, his breach of contract cause of action reinstated, and the matter remanded for trial, with costs. ................................................................................. 6

CERTIFICATE OF COMPLIANCE .................................................................... 7

# TABLE OF AUTHORITIES

Page

**CASES:**

Babiker v. Ross Univ. Sch. Of Med.,
 200 U.S. Dist LEXIS 6921 (S.D.N.Y. 2000),
 aff'd 2004 U.S. App. LEXIS 1118 (2d Cir. 2004).....................................................5

Maty v. Grasselli Chemical Co.,
 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745 (1938).......................................................4

Process Plants Corp. v. Beneficial National Life Ins. Co.,
 53 A.D.2d 214, 385 N.Y.S.2d 308 (1st Dept. 1976) ...................................................1

Raskin v. Wyatt,
 125 F.3d 55 (2d Cir. 1997)..........................................................................................2

Siegfried v. Kansas City Star Co.,
 193 F.Supp 427, 433 (W.D.Mo)
 aff'd 298 F2d 1 (8th Cir), cert den. 369 U.S. 819,
 82 S.Ct. 831, 7 L.Ed.2d 785 (1962) ...........................................................................2

Tufariello v. Long Island R.R. Co.,
 458 F.3d 80, (2d Cir. 2006).........................................................................................2

```
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
--------------------------------------------------------------------------------X
ANAND DASRATH,

                                            Plaintiff-Appellant,

                        -against-

ROSS UNIVERSITY SCHOOL OF MEDICINE,

                                            Defendant-Appellee.
             _____
```

*On Appeal from a Final Order of the United States
District Court for the Eastern District of New York*

--------------------------------------------------------------------------------X

## **REPLY BRIEF FOR PLAINTIFF-APPELLANT**

A reading of Defendant-Appellee's ("Ross") brief could lead this Court to believe that the issues raised by Plaintiff-Appellant ("Mr. Dasrath") – regarding the failure of Ross to properly review his alleged failing grade pursuant to their own rules in the Student Handbook – are not contained in the Joint Appendix.

Ross' position, when compared to the actual facts, calls to mind the language of Associate Justice Nunez in his dissenting opinion in *Process Plants Corp. v. Beneficial National Life Ins. Co.*, 53 A.D.2d 214, 385 N.Y.S.2d 308 (1st Dept. 1976) wherein he stated at 53 A.D.2d 221; "We must have read different records…"

Here, the Joint Appendix is replete with references to this issue, which was raised in both Plaintiff's motion and opposition papers in the District Court (A23-A29, A36-A50, A682-A687).

Mr. Dasrath's moving and opposition papers also raise the issue that he was never provided with the hard data supporting the test results behind his alleged failing grade. Contrary to Ross' position, this issue is not raised as a failure in discovery but as the complete lack of proof in the record that the test results were ever confirmed or properly reviewed and, as a result of that failure, Ross did not comply with its own rules thereby breaching its implied contract with Mr. Dasrath. (A23-A29, A36-A50, A65, A682-A683).

Ross' self-serving, "ostrich-like" disregard of the contents of the Joint Appendix cannot serve to erase what is undeniably there since "facts do not cease to exist because they are ignored." *Siegfried v. Kansas City Star Co.,* 193 F.Supp 427, 433 (W.D.Mo) *aff'd* 298 F2d 1 (8th Cir), *cert den.* 369 U.S. 819, 82 S.Ct. 831, 7 L.Ed.2d 785 (1962)

Ross' failure to address this argument is a telling omission and reason enough to support Plaintiff's position that summary judgment should not have been granted when so many facts are sharply in dispute. *Tufariello v. Long Island R.R. Co.,* 458 F.3d 80, (2d Cir. 2006), *Raskin v. Wyatt,* 125 F.3d 55 (2d Cir. 1997)

2

Even less persuasive is Ross' argument that the failure to perform the grade review was not raised in the amended complaint. Clearly it was.

In its brief at page 23, Ross quotes two paragraphs of Mr. Dasrath's amended complaint, while omitting the two preceding paragraphs.

We are reproducing all four paragraphs here:

> 20. Plaintiff contracted with Defendant and paid Defendant tuition in consideration of Defendant preparing Plaintiff to become a licensed medical doctor eligible to practice medicine in the United States. Pursuant to the contract, Defendant was to accurately record Plaintiff's grades and sponsor Plaintiff to take the USMLE Step 1 examination.
>
> 21. In March of 2006 the Plaintiff had submitted his application to take the USMLE Step 1 Examination. Plaintiff's application, as more fully described in paragraph "7", was accepted by the Defendant medical school. On June 27, 2006 the Defendant notified the Plaintiff that he was administratively withdrawn from the Defendant's school of medicine and that the Defendant subsequently withdrew its sponsorship for the USMLE Step 1 examination.
>
> 22. The Defendant was in breach of its contractual obligation to the Plaintiff in administratively withdrawing Plaintiff from its school of medicine without justification and in violation of its own academic rules and regulations.
>
> 23. The Defendant breached the contractual agreement when without any justification or valid reason withdrew its sponsorship for the USMLE exam after it had accepted Plaintiff's application and duly certified Plaintiff to take said exam. (A65).

3

If this were not enough, this issue is also addressed in the amended complaint in the section marked "Background." (A62-A63)

Mr. Dasrath submits that the heart of this case lies in the chain of events arising from the alleged failing grade. If Mr. Dasrath's grade was improperly reported or improperly arrived at, the correct result would be that he received a passing grade. At that point, the rest of the dominoes fall into place and he would now be permitted to take the USMLE Step 1 examination.

Accordingly, the failure of Ross to follow its own rules resulted in a breach of its implied contract with Mr. Dasrath when Ross did not conduct a proper grade review and was plead in the amended complaint. (A62-A65)

It is well settled in federal practice that lawsuits should be determined on their merits and according to the dictates of justice and not on the existence or non-existence of artfully drawn sentences in paper pleadings. *Maty v. Grasselli Chemical Co.,* 303 U.S. 197, 58 S.Ct. 507, 82 L.Ed. 745 (1938).

Here, Ross has never provided any evidence that it properly reviewed the grade in question nor has it supplied any documentation to support its position that the alleged failing grade, at the heart of this case, was the correct and appropriate grade.

In the District Court, Ross succeeded in camouflaging this issue with the aftermath of what transpired rather than by addressing what caused the problem in the first place.

In this regard, Ross' reliance on *Babiker v. Ross Univ. Sch. Of Med.*, 200 U.S. Dist LEXIS 6921 (S.D.N.Y. 2000), *aff'd* 2004 U.S. App. LEXIS 1118 (2d Cir. 2004) is misplaced.

Here, there are numerous questions of fact as to whether Ross acted arbitrarily and capriciously in not following the rules set forth in their own Student Handbook thereby making the facts of this case dissimilar to those forming the basis of this Court's decision in *Babiker*.

Given the numerous factual disputes between the parties and Ross' complete inability to demonstrate that it complied with its own rules set forth in its Student Handbook, granting summary judgment in favor of Defendant Ross was wholly inappropriate as a matter of law.

## **CONCLUSION**

  **Based on the foregoing as well as the arguments and authorities contained in his main brief, Plaintiff Anand Dasrath respectfully requests that the judgment appealed from be reversed, his breach of contract cause of action reinstated, and the matter remanded for trial, with costs.**

Dated:  New York, New York
     January 16, 2012

            COSTELLO & COSTELLO, P.C.


          By: _____
            Arnold E. DiJoseph III (AD-6086)
            50 Broadway – Suite 1601
            New York, New York 10004
            (212) 344-7000

            *Counsel for Plaintiff/Appellant*
            *Anand Dasrath*

## **Certificate of Compliance (FRAP 32[a][7][C])**

The above reply brief complies with FRAP 32(a) (7) (B) and FRAP 32(a) (7) (C) in that the total number of words contained therein is 1,064.

Dated: January 16, 2012

_____
**Arnold E. DiJoseph, III**
