11-2531-cv
Dasrath v. Ross Univ. Sch. of Med.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 4th day of September, two thousand twelve.

Present:  ROBERT A. KATZMANN,
          RICHARD C. WESLEY,
          GERARD E. LYNCH,
                    *Circuit Judges*.

---

ANAND DASRATH,

      *Plaintiff-Appellant*,

      - v. -      No. 11-2531-cv

ROSS UNIVERSITY SCHOOL OF MEDICINE,

      *Defendant-Appellee*.

---

For Plaintiff-Appellant:    ARNOLD E. DIJOSEPH (Costello & Costello P.C., *on the brief*), New York, N.Y.

For Defendant-Appellee:    JENNIFER A. MCLAUGHLIN (Justin F. Capuano, *on the brief*), Cullen and Dykman LLP, Garden City, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Amon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Anand Dasrath ("Dasrath") was enrolled as a medical student at Defendant-Appellee Ross University School of Medicine ("Ross") during the spring semester of 2006, but was disenrolled after he received a failing grade in a required course, Advanced Introduction to Clinical Medicine ("AICM"). Thereafter, Dasrath brought this breach of contract action against Ross. On May 26, 2011, the United States District Court for the Eastern District of New York (Amon, *J.*) granted Ross's motion for summary judgment in its entirety and dismissed Dasrath's complaint with prejudice. We affirm for substantially the reasons set forth by the district court in its summary judgment ruling. We assume the parties' familiarity with the facts, procedural history, and the issues on appeal.

Under New York law, which the parties agree governs this dispute, "when a student is admitted to a school, an implied contract arises between the student and the school." *Clarke v. Trs. of Columbia Univ.*, No. 95 Civ. 10627, 1996 WL 609271, at *5 (S.D.N.Y. Oct. 23, 1996). "The terms of the implied contract are supplied by the bulletins, circulars and regulations made available to the student." *Gally v. Columbia Univ.*, 22 F. Supp. 2d 199, 206 (S.D.N.Y. 1998). "Implicit in this contract is that the university must act in good faith in dealing with the student." *Id.*; *see also Olsson v. Bd. of Higher Educ.*, 49 N.Y.2d 408, 414 (1980). "Also implicit is that the student must fulfill her end of the bargain by satisfying the university's academic requirements and complying with its procedures . . . ." *Gally*, 22 F. Supp. 2d at 206. However, attacks on "the substantive evaluation of . . . academic performance . . . are beyond judicial review." *Benson v. Trs. of Columbia Univ.*, 626 N.Y.S.2d 495, 496 (App. Div. 1995).

The gravamen of Dasrath's contract claim before the district court was that Ross had "fabricated" his failing grade in the AICM course, and thus should have permitted him to sit for the USMLE Step 1 medical licensing exam in the summer of 2006 rather than disenrolling him from Ross. Dasrath's fabrication claim is contradicted by contemporaneous evidence indicating that Dasrath received a failing grade in the AICM course, including an April 22, 2006, email by Dasrath to his AICM instructor which acknowledged that he received "a failing grade as [his] final grade" and which challenged the scores he received on various components of the exam. J.A. 137. Dasrath's effort to persuade his instructor to give him a passing score was unsuccessful, and he now takes the position that he in fact received a passing score but that his instructor "fabricated" his failing grade.

Before the district court, Dasrath claimed that three documents supported his fabrication claim. Two of the documents were certification forms dated March and May 2006 in which a Ross associate registrar certified certain information about Dasrath, including his medical school attendance dates and that he was then enrolled at Ross, so that he could register for the Step 1 exam. *Id.* at 175-76. As the district court noted, neither of these documents anywhere states that Dasrath passed the AICM course. *Id.* at 747. Further, the March 2006 form was submitted before the AICM course was even finished, and the May 2006 form simply reissued the March form to correct an error regarding Dasrath's birth date. Thus, as the district court concluded, neither of these documents "tend[s] to prove that Ross ever took the position that Dasrath had passed the AICM course." *Id.* at 748. Similarly, as the district court recognized, the third document – a certificate of completion form signed by Dasrath's AICM instructor – "says nothing at all about Dasrath's performance in the course," and thus does not support Dasrath's

3

claim that he passed the course. *Id.* at 184, 748. Accordingly, the district court did not err in determining that Dasrath failed to present any evidence from which a reasonable jury could conclude that his grade was fabricated.[1]

Perhaps recognizing that his fabrication claim lacks any support in the record, Dasrath's brief on appeal makes little effort to defend it, and instead asserts that Ross breached its contract with him in various other ways, such as by disenrolling Dasrath after he failed to register to re-take the AICM course. However, as the district court noted in its ruling on the parties' cross-motions for summary judgment, Dasrath "conceded" during oral argument on those motions that "his contract claim ultimately depends on the truth of his allegation that Ross 'fabricated' his failing grade." *Id.* at 746-47. Dasrath does not dispute that he made that concession. As a result, his other arguments cannot save his breach of contract claim, and the district court properly granted summary judgment to Ross.

Even if we were to consider Dasrath's other arguments, we would find them meritless. In particular, Ross did not breach any obligation to Dasrath by disenrolling him after he failed the AICM course and failed to register to re-take the course. To remain enrolled at Ross, a student "must either be registered for courses and/or registered for the [Step 1 exam]." *Id.* at 170. It is undisputed that Dasrath never registered to re-take the AICM course, and that his failing grade in the course rendered him ineligible to take the Step 1 exam. Dasrath claims that he was eligible to remain enrolled without re-registering for AICM because Ross's handbook provides that

---

[1] Likewise, the convoluted arguments that Dasrath makes on appeal about his clinical clerkship evaluation form do not support his fabrication claim. As Ross notes, the fact that Dasrath's instructor listed his office as the address on the form and turned the form in late do not demonstrate that Dasrath's AICM grade was fabricated. *See* Appellee's Br. at 21-22.

4

"[f]ollowing the 12-week AICM, there is a 17-week scheduled break during which students remain fully enrolled." *Id.* at 172. However, as Ross notes, Dasrath was not entitled to the 17-week scheduled break – the evident purpose of which was to permit students to study for the Step 1 exam – because he failed the AICM course, and would have to retake it before taking that exam.

We have considered all of Dasrath's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK